UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LOISE L. GUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No 2:14-CV-20-SPM |
| | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's unopposed Motion to Approve Attorney's Fee pursuant to 42 U.S.C. § 406(b). (Doc. 31). On February 24, 2015, this Court entered a final judgment reversing and remanding this case to the Commissioner of Social Security for further action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27). Thereafter, this Court awarded Plaintiff attorney's fees in the amount of $3,187.87 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 30). On remand, on May 3, 2016, the Social Security Administration found that Plaintiff was disabled and awarded her ongoing benefits, as well as past due benefits in the amount of $46,174.00. In connection with her pursuit of benefits, Plaintiff signed a contingency fee agreement in which she agreed to pay her attorneys 25% percent of the past due benefits she recovered. The Social Security Administration withheld 25% of the past due benefit amount ($11,543.50) from Plaintiff's award. It has submitted $6,000.00 to

1

Plaintiff's counsel but continues to hold the remaining $5,543.50. Plaintiff's attorney now seeks an award of fees in the amount of $5,543.50.

> Under 42 U.S.C. § 406(b)(1)(A),
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment

The Supreme Court has held that "§ 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* The court should examine the contingent-fee agreement, test the agreement for reasonableness, and then (if necessary), reduce the fee award abased on the character of the representation and the results the representation achieved. *Id.* at 808. A reduction may be appropriate if the attorney is responsible for delay or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

In support of Plaintiff's request for a fee award of $5,543.50, Plaintiff has submitted a copy of the contingent fee agreement signed by Plaintiff, a copy of the award of benefits letter sent to Plaintiff by the Social Security Administration, and an itemized description of the time Plaintiff's counsel spent on this case. Defendant does not object to the proposed fee and states that the proposed fee appears reasonable based on the work performed. The Court has independently reviewed the record and finds that the fee request is reasonable and that no

reduction in the amount is warranted. Therefore, the Court finds that Plaintiff should be awarded a fee of $5,543.50 under 42 U.S.C. § 406(b).

Where fees have been awarded under both the EAJA and § 406(b), the plaintiff's attorney must refund to the plaintiff the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel acknowledges this obligation and requests that the court order that he reimburse Plaintiff $3,187.87, the amount previously awarded under the EAJA. The Court expects Plaintiff's counsel to comply with this obligation. However, as this Court has previously found, there is no obligation for the Court to take any action with respect to the refund. *See Ciecalone v. Colvin*, 4:13CV28 NAB, 2014 WL 1375557, at *4 (E.D. Mo. April 8, 2014) (nothing that "although Plaintiff's counsel is obligated to refund the lesser amount of fees, there is no obligation for the Court to take any action with respect to the refund"); *accord Lowry v. Colvin*, No. 1:13 CV 145 JMB, 2016 WL 4720449, at *1 n.2 (E.D. Mo. Sept. 9, 2016).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Approve Attorney's Fee (Doc. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall remit to Frank T. Koch attorney's fees in the amount of $5,543.50.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of October, 2016.